UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, et al.,<br><br>    Defendants. | Case No. 16-cv-03745-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO COMMENCE AND PROCEED ANONYMOUSLY**<br><br>Re: Dkt. No. 5 |

  Plaintiff Jane Roe, who suffers from a developmental disability and mental illness, asserts that under the care of defendants she was sexually abused and raped by defendant Rex Bradford Salyer. As a result of this abuse, Roe alleges violations of her rights under the United States constitution, federal statutory law, and state statutory law.

  Ordinarily, pleadings must identify the parties to a suit. Fed. R. Civ. P. 10(a). Nevertheless, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In evaluating the need for anonymity, the court considers: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; and (4) the prejudice to the opposing party and whether proceedings may be structured to avoid that prejudice. *Id*. Additionally, the court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id*.

  Here, the matters raised by the complaint are of a sufficiently sensitive and personal nature to justify the use of a pseudonym. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (recognizing that "sexual assault victims are a paradigmatic example of those entitled to a grant of

1  anonymity"). In addition, defendants will not be prejudiced if Roe proceeds anonymously. Roe
2  acknowledges that due to the nature of her claims, defendants may require discovery of her
3  medical records and other personal information. She represents that she would be willing to
4  stipulate to protective orders or other mechanisms to allow discovery to proceed agreeably.
5  Lastly, non-disclosure of plaintiff's identify will not obstruct public scrutiny of the important
6  issues in this case. *See Advanced Textile Corp.*, 214 F.3d at 1072.

Roe's Motion for Leave to Commence and Proceed Anonymously is GRANTED.

**IT IS SO ORDERED**.

Dated: July 25, 2016

WILLIAM H. ORRICK
United States District Judge